### Post, appellant, v. The President, &c., of the Bank of Utica, respondents.

#### Reported 8 Paige, 640.

*When Mortgagor can not set up Usury.*

Lands were purchased at a sheriff's sale, with the knowledge that they were covered by a prior usurious mortgage, and the purchaser upon obtaining the sheriff's deed, filed a bill in equity to set aside the mortgage, and to have the premises cleared of the incumbrance; but not alleging payment or offering by his bill to pay the amount actually loaned, &c. To this bill, the defendant demurred upon that ground.

The Chancellor overruled the demurrer, holding that the provisions of the 8th section of the Rev. Stat. relating to usury, and the 4th section of the usury act of 1837, embraced not only the party to whom the original loan was made under the term " borrowed," but also his sureties, heirs, devisees, and personal representatives, and any parties claiming the mortgaged premises under his title.

The Court of Errors held that those sections did not extend to a grantee of premises covered by an usurious mortgage; that the term " borrower" did not apply to him, and

that therefore he could not maintain a suit in equity, to set aside the mortgage without paying or offering to pay the sum actually loaned. They held the demurrer well taken and ordered the bill to be dismissed.

Decree *reversed*, 16 to 2.

☞ The case of *Cole* v. *Paige*, (10 Paige, 583,) was commented on in the opinions delivered by the Senators in favor of reversal, and disapproved. It may therefore be considered as *doubted* and *denied*, if not expressly over-ruled.